**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GKP, LLC,** *et al*. | ) | **CASE NO. 1: 13 CV 01482** |
| | ) | |
| Plaintiffs, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **WELLS FARGO & COMPANY,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Wells Fargo & Company ("Wells Fargo") moves to dismiss the Complaint of Plaintiffs GKP, LLC and George Primbas under Federal Rules of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted) and 9(b) (failure to plead fraud with the requisite particularity).  Plaintiffs have responded to the Motion to Dismiss, and Defendant has replied.  Thus, the Motion is ripe for consideration.  For the reasons stated, Wells Fargo's Motion to Dismiss (ECF #4) is GRANTED.[1]

### I. FACTS

Plaintiffs allege four claims against Wells Fargo arising out of an alleged failure by an entity known as The Money Store Investment Corporation to disburse to Plaintiffs a $319,600 to $425,000 loan in 1998 or 1999.  The loan purportedly was for the purchase of property and construction of a Dairy Queen ice cream store in New Jersey.  Specifically, Plaintiffs allege the

---

[1]Because the Motion to Dismiss is granted on other grounds, the Court does not reach Defendant's claim that fraud is not pled with the requisite particularity.

following causes of action:

    1.      Breach of Contract (Count I);

    2.      Promissory Estoppel (Count II);

    3.      Fraudulent Misrepresentation (Count III); and

    4.      Intentional Interference With Contract (Count IV).

Plaintiffs do not attach to the Complaint the contract (loan agreement) upon which this case is premised, nor do they set forth with any specificity the terms of that contract. There is nothing in the Complaint to indicate, for example, what conditions precedent might have required satisfaction before Defendant incurred any duty to disburse funds. There is no evidence before the Court to show the contract's precise terms and conditions or signatories. Indeed, at a status conference with this Court held on September 18, 2013, counsel for Plaintiffs conceded that he had not seen a copy of the contract prior to filing the Complaint, or ever. Wells Fargo claims that it does not possess a copy of the contract 14 or 15 years after the relevant events.[2]

What Plaintiffs did attach to the Complaint is a Construction Mortgage dated May 27, 1998 between GKP, LLC of 2000 Route 88, Brick, NJ 08723 – not Mr. Primbas individually – and the Money Store Investment Corporation of Sacramento, California. By its terms, the Construction Mortgage is governed by New Jersey law.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the Court must assess, given the

---

[2] There are no specific allegations in the Complaint, or in the documents attached to the Complaint, to tie Wells Fargo to the claims asserted by Plaintiffs.

material required to be in the complaint, whether the complainant can prove a set of facts entitling the complainant to recovery on the allegations against the moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In making this assessment, the Court must take only well-pleaded factual allegations as true and reject allegations that are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

The standard articulated in *Iqbal* and *Twombly* is designed to screen out more than "little green men" cases; the standard is designed to screen out cases that, while not utterly impossible, are implausible. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009). As explained below, Plaintiffs' Complaint fails to state a claim that is plausible on its face.

### III. ANALYSIS

#### A. Mr. Primbas Lacks Standing

As an initial matter, Mr. Primbas' claims must be dismissed because he lacks standing. It is well-settled law that "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Thornton v. Windsor House, Inc.*, 57 Ohio St. 3d 158, 161 (1991). Further, the Supreme Court of Ohio held that:

> [A] plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed toward the corporation.

*Adair v. Wozniak*, 23 Ohio St. 3d 174, 176-78 (1986).

Exceptions to the general rule that only a corporation and not its shareholders can

complain of an injury sustained by, or a wrong done to, the corporation exist only when:

>  (1) there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder; and
>
>  (2) the shareholder suffered an injury separate and distinct from that suffered by other shareholders.

*Hershman's, Inc. v. Sachs-Dolmar Div.*, 89 Ohio App. 3d 74, 77-78 (9th Dist. 1992) (internal citations omitted). The "special duty" which creates a cause of action in favor of the shareholder as an individual, however, must originate "from circumstances independent of the shareholder's status as a shareholder." *Maloof v. Benesch, Friedlander, Coplan & Aronoff*, 2004-Ohio-6285, ¶20 (8th Dist. 2004).

As a matter of law, Mr. Primbas cannot maintain claims against Wells Fargo for breach of contract, promissory estoppel, fraud, and intentional interference with contract arising out of The Money Store's failure to disburse the remaining balance of the loan to GKP. Mr. Primbas is not a party to the loan. He is just a member of GKP. Plaintiffs admit that Mr. Primbas "signed the Loan in a representative capacity for Plaintiff GKP, LLC." The Complaint contains no allegations whatsoever that Mr. Primbas: (1) was a party to the loan; (2) individually had a contractual relationship with Wells Fargo independent of the loan; or (3) was owed a special duty by Wells Fargo independent of the loan.[3] Plaintiffs' argument that Mr. Primbas "invested considerable personal time and expense throughout the course of entering into the Loan transaction with Defendants and, thus, sustained harm to his personal financial interests separate and distinct from that of Plaintiff GKP, LLC" is inapposite. Mr. Primbas cannot sue Wells

---

[3] Plaintiffs appear to argue that Mr. Primbas suffered injury unique among the shareholders because he was slated to manage the Dairy Queen, but this theory of liability neglects to explain why Wells Fargo would owe any special duty to Mr. Primbas.

Fargo for activities he performed on behalf of GKP to secure the loan for GKP. Those activities are directly related to, and arise out of, the loan and Mr. Primbas being a member of GKP.

Moreover, Mr. Primbas cannot establish standing based upon his argument that "by wrongfully refusing to disburse the balance of the Loan and calling the Loan, Defendant caused harm to the independent contractual and financial relationship between Plaintiff Primbas and Dairy Queen." Nowhere in the Complaint does Mr. Primbas allege that he in his individual capacity, and not GKP, had a contract with Dairy Queen to operate a Dairy Queen franchise on the property.

Further, even if Mr. Primbas had a contract with Dairy Queen in his individual capacity, he still lacks standing to sue Wells Fargo. Mr. Primbas cannot maintain any action in his individual capacity against Wells Fargo for "wrongfully refusing to disburse the balance of the Loan and calling the Loan." The loan was a contract between The Money Store and GKP, not between The Money Store and Mr. Primbas. The Complaint is devoid of any allegations that Wells Fargo owed any special duty – contractual or otherwise – to Mr. Primbas. Because Mr. Primbas has failed to allege that Wells Fargo owed him a special duty, Mr. Primbas lacks standing to sue Wells Fargo. *See, Adair, supra*; *Matheny v. Ohio Bancorp*, 1994 Ohio App. LEXIS 6007 (11th Dist. 1994); *Huntington Nat'l Bank v. Weldon F. Stump & Co.*, 2008-Ohio-2096 (6th Dist 2008); and *Telxon Corp. v. Smart Media of Del., Inc.*, 2005-Ohio-4931 (9th Dist. 2005). Accordingly, all of Mr. Primbas' claims must be dismissed.

      **B.**    **The Complaint Lacks Supporting Facts And Thus Fails To State A Claim**

Plaintiffs' Complaint neither attaches the parties' alleged contract (the loan agreement), nor alleges the terms of that agreement. Indeed, Plaintiffs' counsel told the Court at a status

conference on September 18, 2013 – months after the Complaint was filed – that he had not seen the loan agreement, nor had Plaintiffs provided him with a copy. Plaintiffs' failure to attach the contract to the Complaint or allege its terms without any specificity are fatal to Plaintiffs' claims under the strict pleading requirements of *Twombly* and *Iqbal*.

Under the 12(b)(6) standard as interpreted by *Twombly* and *Iqbal*, it is incumbent upon Plaintiffs to, at a minimum, allege facts supporting their breach of contract and other claims. For purposes of a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff. *Lee v. Potter*, No. 308CV344, 2009 WL 2057625 at *7 (S.D. Ohio Jul. 14, 2009). This is not a heightened pleading requirement, but rather a stricter enforcement of the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading not merely allege, but rather affirmatively "show that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). A plaintiff's failure to identify any contract language that would support the existence of his claimed contractual rights against a defendant is a failure to show that the plaintiff is "entitled to relief." *Id.; see also Iqbal*, 129 S.Ct. at 1954 ("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect

his complaint to survive a motion to dismiss ."). This is particularly true when, as here, Plaintiffs fail to attach the contract to the Complaint.

Plaintiffs' Complaint here does not allege the terms of the parties' loan agreement or any other supporting facts. Plaintiffs instead make conclusory allegations that Wells Fargo was obligated to disburse monies, and that Plaintiffs had performed all actions and services that they were required to perform under the loan. Given the deficiencies of the Complaint, however, the Court is left without any factual allegations, which if taken as true as Rule 12(b)(6) requires, would show (among other things):

1. what conditions GKP was required to satisfy before The Money Store incurred an obligation to disburse funds;

2. that GKP satisfied all of the conditions precedent, thus triggering the Money Store's obligation to disburse the monies;

3. that The Money Store was required to disburse the monies to GKP in 1998 or 1999; and

4. that The Money Store was not entitled to call in the loan.

Under these circumstances, Plaintiff has not stated any claim that is plausible on its face. *See Twombly*, 127 S.Ct. at 1964-65; *Iqbal*, 129 S.Ct. at 1953 (2009); *Courie*, 577 F.3d at 629-30 (6th Cir. 2009).

Plaintiffs' claims are not saved because the Complaint attaches the Construction Mortgage which was filed with the Ocean County, New Jersey Clerk of Court to secure repayment of the loan. The Construction Mortgage is not the loan agreement. The Construction Mortgage represents The Money Store's security interest in the property; Plaintiffs' claims do not arise out of the Construction Mortgage. They arise out of the credit

agreement/promissory note which is not attached to the Complaint, and whose terms are not set forth in the Complaint. Absent the loan agreement or allegations of its specific terms, the terms of the parties' contract and resultant business relationship are unknown and indiscernible. Thus, Plaintiffs' claims fail as a matter of law.[4]

### C. Plaintiffs' Claims Are Barred By The Statute Of Limitations

The Construction Mortgage that Plaintiffs attach to the Complaint expressly provides that it is governed by New Jersey law (p. 6). In New Jersey, the statute of limitations for breach of contract is six years. N.J. Stat. § 2A: 14-1. The statutes of limitations for interference with contract, promissory estoppel, and fraud under New Jersey law are also six years. *Fraser v. Bovino*, 317 N.J. Super 23, 721 A.2d 20 (1998) (intentional interference with contract); *Tammera v. Grossman*, U.S.D.C., D.N.J., 2010 U.S. Dist. LEXIS 32642 (fraud); *Gashlin v. Prudential Ins. Co. Retirement System*, 286 F. Supp. 2d 407 (D.N.J. 2003) (promissory estoppel).

Plaintiffs allege that they entered into a contract with The Money Store Investment Corporation in 1998. Plaintiffs further alleges that The Money Store breached that contract by failing to disburse funds in 1998 or 1999, and by calling in the loan in 1999. Plaintiffs filed this Complaint on May 28, 2013 – at least14 years after these events. Under New Jersey law, any

---

[4] Cases cited by Plaintiffs do not stand for the proposition that, when deciding a motion to dismiss, the Court can consider documents not attached to the Complaint where, as here, Plaintiffs do not quote them at length, and Defendant has not attached to its Motion to Dismiss copies of the documents that Plaintiffs reference in the Complaint – but fail to attach. *See Korff v. Hilton Resorts Corp.*, 797 F. Supp. 2d 875, 878 (N.D. Ohio 2011); *Teagardener v. Republic-Franklin, Inc. Pension Plan*, 909 F.2d 947, 949 (6th Cir. 1990). Unlike the situations in *Korff* and *Teagardener*, Plaintiffs' Complaint does not even mention the loan agreement, let alone quote extensively from it.

conceivable statute of limitation for all of Plaintiffs' claims expired six years from 1998 or 1999, *i.e.*, in 2004 or 2005. Because Plaintiffs filed their claims well beyond the six years, their claims are significantly beyond the applicable New Jersey statutes of limitations, and must be dismissed.

Plaintiffs' counsel admitted at a status conference with the Court on September 18, 2013 that Plaintiffs' promissory estoppel claim falls outside of any statute of limitations, and therefore is subject to dismissal. Thus, there is no dispute on this count.

Plaintiffs attempt, however, to save their other claims from being time barred in two ways. First, Plaintiffs contend that their claims are subject to the Ohio (not New Jersey) statute of limitations, which is 15 years for breach of contract and four years for both fraud and intentional interference with contract, subject to a discovery rule that allegedly would toll the statute of limitations until Plaintiffs discovered or should have discovered their injury. Second, Plaintiffs argue that they "recently" discovered something of legal significance that they apparently believe would make a discovery rule applicable and thus toll any statute of limitations. Neither argument is tenable.

As an initial matter, Plaintiffs' failure to attach the loan agreement to the Complaint, or allege any of agreement's specific terms, makes it impossible for the Court to determine that it is plausible that the Ohio statute of limitations governs their claims. Moreover, Plaintiffs have wholly failed to allege any facts to support the application of an Ohio statute of limitations. To the contrary, the documentary evidence before the Court, in the form of the Construction Mortgage, indicates that New Jersey law and New Jersey statutes of limitations apply. Further, the property is located in New Jersey, the loan purportedly was for purchasing the property and

constructing a building on the property in New Jersey, the Construction Mortgage securing the loan was filed in New Jersey, Plaintiffs' alleged contract with Dairy Queen was for operating a Dairy Queen franchise in New Jersey, and GKP is a New Jersey limited liability company.[5] Plaintiffs cannot avoid application of New Jersey statutes of limitations by being purposefully vague and failing to set forth or attach the terms of the parties' contract. Based upon these facts, and Plaintiffs' failure to allege any facts to demonstrate that Ohio statutes of limitations apply, Plaintiffs' claims for breach of contract, promissory estoppel, fraud, and intentional interference with contract are dismissed as time-barred under the applicable New Jersey statutes of limitations.

Also unavailing is Plaintiffs' contention that they "recently" discovered that Defendant's alleged wrongful conduct stemmed from Defendant's discovery in 1999 that the property at issue in this case had environmental problems. Plaintiffs conspicuously fail to specify how "recently" they made this discovery.

Moreover, even if Ohio statutes of limitations apply, a discovery rule is not implicated here. Plaintiffs were fully aware of Defendants' alleged wrongful conduct – the failure to disburse monies under the loan and calling of the loan – in 1998 or 1999. These were the cognizable events that triggered the statutes of limitations. Indeed, applying the discovery rule, a cause of action accrues, and the statute of limitations begins to run, when there is a *cognizable event* (the occurrence of facts and circumstances) whereby the plaintiff discovers, or exercising reasonable care and diligence should have discovered, that he has been injured by the actions of

---

[5] Ohio has no apparent connection to this case other than that Mr. Primbas, who, as discussed, has no standing to bring individual claims, is an Ohio resident.

the defendant. *Zimmie v. Calfee*, 43 Ohio St. 3d 54, 58 (1989); *Flowers v. Walker*, 63 Ohio St.3d 546, 549 (1992); *Olszewski v. Blankfield*, 2004-Ohio-2564, ¶8 (8th Dist. 2004). "[C]onstructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Flowers*, 63 Ohio St. 3d at 549. "A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies." *Id.* At 549. Here, Plaintiffs' breach of contract and fraud claims are based upon the Money Store's purported representation that it would disburse monies, and its subsequent failure to do so. Plaintiffs' intentional interference with contract claim is based on these same events, and their effects on a purported agreement with Dairy Queen to operate a Dairy Queen franchise. Plaintiffs knew no later than November 1999 that The Money Store was refusing to disburse the monies, calling the loan, and demanding repayment. Further, Plaintiffs immediately knew in 1998 or 1999 that they were damaged because of these actions in that Plaintiffs were unable to construct the building to operate a Dairy Queen. This is not the case of a plaintiff discovering a decade and a half later that the plaintiff was damaged by a defendant's actions.[6] The discovery rule simply does not apply to Plaintiffs' claims.[7] Under

---

[6]

Plaintiffs' allegation that they just recently discovered that The Money Store's "wrongful conduct" stemmed from its discovery in 1999 that the property had environmental issues is completely irrelevant. The cognizable event triggering the running of the statute of limitations is The Money Store's refusing to disburse the monies, calling of the loan, and demanding repayment, all of which allegedly occurred 14 to 15 years before Plaintiffs filed this action.

[7]

The discovery rule applies a reasonable person objective standard. A reasonable person

these circumstances, there can be no question that Plaintiffs' fraud and intentional interference claims are time-barred by the four-year Ohio statutes of limitations.[8]

Further, under Ohio law, a discovery rule does not apply to Plaintiffs' claim for intentional interference under any circumstances.  A claim for intentional interference with contract is governed by the four-year statute of limitations set forth in Ohio Revised Code § 2305.09(D).  *Samman v. Nuktai*, 2005-Ohio-5444, ¶23 (8th Dist. 2005); *Prakash v. Altadis U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 46337, *58 (N.D. Ohio 2012).  The Supreme Court of Ohio, Ohio appellate courts, the Sixth Circuit Court of Appeals, the Northern District of Ohio (Nugent, J.), and the Southern District of Ohio all have held that the discovery rule does not apply to claims governed by R.C. § 2305.09(D).  *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176 (1989); *Norris v. Smart Document Solutions, LLC*, 483 Fed. Appx. 247, 248-49 (6th Cir. 2012); *Loyd v. Huntington Nat'l Bank*, 2009 U.S. Dist. LEXIS 51858, *26-27 (N.D. Ohio 2009) (Nugent, J.); *Raiser v. Corp.*, 2011 U.S. Dist. LEXIS 8345, *12 (S.D. Ohio 2011); *Cramer v. Fairfield Med. Ctr.*, 182 Ohio App. 3d 653 (Ohio App. 2009).  The four-year statute of limitations governing the claim for intentional interference with contract expired in November 2003.  Accordingly, the claim is time-barred, and is dismissed.

### D. GKP, LLC Lacks Capacity To Bring This Suit In Ohio

---

would have investigated why The Money Store was calling the loan when those events occurred.  Plaintiffs do not claim to have ever inquired or investigated why The Money Store was calling the loan.

[8] It is possible that Plaintiffs' breach of contract claim, if otherwise properly alleged, would fall within a 15-year Ohio statute of limitations.  This point is moot, however, as the Court has determined that the six-year New Jersey statute of limitations time bars Plaintiffs' breach of contract claim.

12

GKP was and is not licensed to do business in Ohio.  Thus, GKP lacks capacity to bring this suit.  Indeed, R.C. § 1703.58 provides that:

> A foreign limited liability company transacting business in this state *may not maintain any action or proceeding in any court of this state until it has registered in this state* in accordance with sections 1705.53 to 1705.58 of the revised code.

*Id*. (emphasis added).

It is undisputed that GKP was not licensed in Ohio when GKP filed the Complaint, when Wells Fargo filed the Motion to Dismiss, and when GKP filed the Brief in Opposition.  Although GKP argues that concerns for judicial economy should persuade the Court to proceed until GKP obtains a license to transact business in Ohio, there is no evidence that GKP even has a pending application for a license to transact business in this state.  Even assuming that GKP does have a pending application, there is no evidence if or when GKP will obtain a license.  Thus, dismissing the Complaint and requiring GKP to obtain a license before continuing this case is judicially prudent, and will best safeguard the resources of the Court and the parties.[9]

## IV.  CONCLUSION

---

[9]

The Northern District of Ohio addressed this exact issue in *Sta-Rite Indus., LLC v. Preferred Pump& Equip.*, 2008 U.S. Dist. LEXIS 117242, *9-11 (N.D. Ohio 2008) (Dowd, J.).  In *Sta-Rite*, the defendant moved to dismiss the complaint under R.C. § 1705.58(A) because the plaintiff was a foreign limited liability company which was not registered to do business in Ohio when it filed the Complaint.  The Northern District thoroughly analyzed this issue, examined various conflicting cases interpreting analogous R.C. § 1703.29(A), addressed arguments similar to those made by Plaintiffs here, and ultimately dismissed the complaint.  In so doing, the Court reasoned that judicial economy is best served by dismissing the case now rather than taking the case to a judgment that may later be rendered invalid due to plaintiff's incapacity when the suit was commenced.

13

For all of the reasons stated, Defendant's Motion to Dismiss Plaintiffs' Complaint is GRANTED for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

<pre>                                        <u>s/Donald C. Nugent</u>
                                        <b>DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE</b></pre>

**DATED: <u>September 24, 2013</u>**